UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORENZO COLE,

    Plaintiff,

v.                                          Case No. 3:23-cv-1511-MMH-MCR

CITY OF JACKSONVILLE, et al.,

    Defendants.

## ORDER

Plaintiff Lorenzo Cole, a pretrial detainee at the Duval County Jail, initiated this action on December 28, 2023, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) under 42 U.S.C. § 1983 with attachments (Docs. 1-1 through 1-2; 3). Cole names as Defendants: (1) the City of Jacksonville; (2) Assistant State Attorney Trisha Daewood; (3) Assistant Public Defender Phyllis Wiley; and (4) Judge Elia E. Derke. Complaint at 2–3. In the Complaint and attachments, Cole seemingly raises concerns about his prior state court criminal convictions, pending state court criminal charges, and his conditions of confinement at Duval County Jail. See generally Docs. 1; 1-1 through 1-2; 3. According to Cole, "[t]he City [of Jacksonville] and State [of Florida] . . . entered into multiple conspiracies to . . . kill the plaintiff, frame the plaintiff for crimes he did not commit, or compel[] him to commit crimes he

never intended to happen . . . and have plaintiff returned to prison or civilly committed. . . ." Doc. 1-1 at 7. He requests declaratory and injunctive relief, as well as monetary damages. Doc. 1 at 5–7.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears

---

[1] Cole requests to proceed as a pauper. See Motion (Doc. 2).

that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that

4

"conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Cole's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Cole's Complaint fails to state a plausible § 1983 claim. First, in addition to the Defendants listed in the "Parties" section of the civil rights complaint form, Cole notes that "[t]he remaining Defendants will be named

5

and underlined within the factual allegations section." Doc. 1 at 3. The factual allegations section spans nearly forty pages, in which Cole has underlined not only individual names, but also criminal offenses, verbal statements, dates, and case numbers. See, e.g., Docs. 1-1 at 3, 8, 11. While pro se pleadings must be liberally read, the Court will not comb through Cole's rambling narrative to determine his intended defendants and construct a viable complaint for him. As such, to the extent he seeks to raises claims against individuals in the factual allegations section, those individuals are not properly before the Court as parties to the action.

As to Judge Derke, ASA Daewood, and APD Wiley, Cole may not pursue a § 1983 action against them. In representing a client, a public defender does not act "under color of state law within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 321, 325 (1981). And judges and prosecutors enjoy absolute immunity from suit for actions taken in their official capacities. See Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").

Lastly, to attribute liability to the City of Jacksonville (COJ), Cole must allege that COJ had a policy or custom that was "the "moving force" behind the alleged constitutional violation. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694–95 (1978). Here, Cole points to no COJ policy or custom that led to a constitutional violation. And Cole's speculative claim of a conspiracy between COJ and Florida's court system to imprison him does not satisfy his burden of pleading. See Doc. 1-1 at 7. Accordingly, Cole fails to state a claim upon which relief may be granted, and this case is due to be dismissed.

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of February, 2024.

MARCIA MORALES HOWARD
United States District Judge

7

Jax-9 1/31
c:      Lorenzo Cole, #2023024087